IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORI WARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:21-CV-2116-D |
| | § | |
| LIBERTY INSURANCE CORPORATION, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

For the reasons that follow, the court will defer deciding defendant Liberty Insurance Corporation's ("Liberty's") February 15, 2022 motion to dismiss non-diverse defendant Timothy O'Neil ("O'Neil").[1]

On June 2, 2021 plaintiff Lori Ward ("Ward") filed this lawsuit against Liberty and O'Neil in state court. On June 10, 2021—before the case was removed—Liberty elected to accept responsibility and liability for O'Neil pursuant to Tex. Ins. Code Ann. § 542A.006 (West 2021). On September 3, 2021 Liberty removed the case to this court based on diversity of citizenship. *See* Notice of Removal ¶ 6 ("Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446."). Liberty asserted that, although O'Neil is a Texas citizen, he "is not a proper party and must be dismissed from this case as Liberty has accepted all responsibility for adjuster Timothy O'Neil's actions in this matter." *Id*. at ¶ 9.

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Although the instant motion to dismiss is not a motion to remand, it still presents the question whether O'Neil has been properly joined. If he has been properly joined, then complete diversity is lacking, this court lacks subject matter jurisdiction, and the case must be remanded to state court. But if O'Neil has been improperly joined, the court can dismiss him as a defendant and exercise subject matter jurisdiction based on diversity of citizenship. To answer this question, the court must address the impact of Liberty's post-filing, pre-removal notice of responsibility under § 542A.006.

District courts in Texas are split. *See Koenig v. Unitrin Safeguard Ins. Co*, 2021 WL 51762, at *3 (W.D. Tex. Jan. 6, 2021) (describing split). One view essentially focuses on whether joinder was improper at the time *of joinder*. The other view looks at whether joinder was proper at the time *of removal*. *See id.* Further complicating matters, in light of recent Fifth Circuit opinions, the split appears to be growing and the weight of authority shifting. *See Kessler v. Allstate Fire & Cas. Ins. Co.*, 541 F.Supp.3d 718, 727 (N.D. Tex. 2021) (Pittman, J.) ("[T]he Fifth Circuit issued the *Hoyt* opinion. Since then, the tables have turned and the minority view has been dominant.").

The Fifth Circuit recently heard oral argument in *Advanced Indicator & Manufacturing., Inc. v. Acadia Insurance, Co.*, No. 21-20092 (5th Cir. argued Dec. 6, 2021), which may provide needed guidance to resolve the instant motion to dismiss. *See, e.g.*, Brief for Appellant at 25, *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, No. 21-20092 (5th Cir. argued Dec. 6, 2021) ("There is no dispute that, at the time suit was filed, Acadia had not elected responsibility for Warren . . . the election [therefore] does not provide a basis for conferring removal jurisdiction on the District Court."); Brief for Appellee at 25-26, *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, No. 21-20092 (5th Cir. argued Dec. 6, 2021) ("This Court should take this opportunity to provide guidance to the lower courts, advising that the inquiry focuses on the time of removal rather than

joinder, and holding that the removal here was proper.").

In view of the split among the Texas district courts and the possibility that the Fifth Circuit will soon provide guidance needed to resolve the instant motion to dismiss, the court will defer deciding the motion to dismiss until the Fifth Circuit issues its decision and mandate in *Advanced Indicator*.[2]

**SO ORDERED**.

April 8, 2022.

SIDNEY A. FITZWATER
SENIOR JUDGE

[2]Liberty appears to acknowledge that the Fifth Circuit's decision in *Advanced Indicator* may impact the decision in this case. *See* D. Mot. Dis. at 5 n.3 ("[T]he Fifth Circuit heard oral argument on this issue December 6, 2021 and should resolve the issue once and for all.").